IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

BRANDON MARQUIS JENNINGS
(also known as Mustafa Beezy Bey),

    Petitioner,

v.                                      Case No. 1:20-cv-00685

WARDEN, FCI MCDOWELL,

    Respondent.[1]

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2241 petition (ECF No. 1), and this civil action.

**PETITIONER'S CLAIMS**

At the time he filed the instant petition, Petitioner was in custody at the Federal Correctional Institution McDowell, in Welch, West Virginia, serving a life sentence imposed by the United States District Court for the Eastern District of North Carolina. Petitioner initially filed the instant petition in the Eastern District of North Carolina court,

---

[1] Petitioner also named the "United States Marshal" as a respondent. However, the only proper respondent is the Petitioner's custodian. As Petitioner was incarcerated at FCI McDowell at the time he filed the instant petition, the Warden of that facility is the proper respondent.

but it was transferred to this court on October 15, 2020, because Petitioner was incarcerated in this district at that time.

The instant petition does not challenge the execution of Petitioner's sentence, but rather asserts various claims under the First and Eighth Amendment concerning his conditions of confinement (including access to the courts and legal materials, mail and other forms of communication, recreation, and religious materials) at FCI McDowell, which he claims was not his designated correctional institution. The petition requested Petitioner's transfer to his designated facility. Because it is apparent that Petitioner is not entitled to relief on his claims under § 2241, the undersigned has not ordered Respondent to file a response to the petition.

## **ANALYSIS**

In reviewing an application for relief under 28 U.S.C. § 2241, the court must consider whether the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A § 2241 petition is appropriate where the prisoner challenges the fact or length of confinement, but, generally, not the conditions or location of that confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973); *Ajaj v. Smith*, 108 F. App'x 743, 744 (4th Cir. 2004). While the Fourth Circuit has not definitively found in a published opinion that conditions claims may not be raised in habeas corpus, its courts have repeatedly found that such claims are more appropriately addressed in civil rights complaints. *See Rodriguez v. Ratledge,* 715 Fed. App'x 261, 265 (4th Cir. 2017) (transfer to a different facility is not cognizable under § 2241 because it is a challenge to "the conditions of [ ] confinement, not its fact or duration."); *Farabee v. Sheriff of Dinwiddie*

*Cnty.*, No. 2:22-cv-279, 2023 WL 6153572, at *4-5 (E.D. Va. July 6, 2023), *report and recommendation adopted*, 2023 WL 6149874 (E.D. Va. Sept. 19, 2023) (collecting cases finding that conditions of confinement claims are not cognizable under § 2241); *Roudabush v. Warden*, No. 8:18-cv-1818, 2018 WL 3979858, *1 (D.S.C. July 18, 2018) (finding a § 2241 petition improperly raised claims of harassment, unsanitary food, and lack of mental health care); *Rivernider v. Joyner*, No. 9:17-cv-1894, 2018 WL 4560716, n. 2 (D.S.C. Jan. 17, 2018) (dismissing claims concerning conditions of confinement to the extent such claims were asserted in a § 2241 action); *Hargrove v. Masters*, No. 1:15-cv-06930, 2017 WL 712758 * 2 (S.D. W. Va. Feb. 23, 2017) (J. Faber) (finding that petitioner's challenge to his conditions of confinement was properly construed as a *Bivens* action "because 'challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a *Bivens* action...'"); *Crooker v. Stewart*, No. ELH-14-1972, 2015 WL 1210209, *3 (D. Md. March 13, 2015) (finding that alleged violations of the Eighth Amendment should be addressed by a *Bivens* or § 1983 action, not in a § 2241 petition).

Petitioner's First and Eighth Amendment claims challenge the location and conditions of his confinement, not the fact or length of his detention. A *Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). Petitioner's allegations are actionable, if at all, in a *Bivens* action.[2] Accordingly, the undersigned proposes that the

---

[2] The relief sought by Petitioner was to be transferred to his designated correctional facility. Petitioner was subsequently transferred from FCI McDowell and is presently incarcerated at USP Beaumont in Beaumont, Texas. Thus, the relief sought by Petitioner is essentially moot due to his transfer.

presiding District Judge **FIND** that Petitioner's claims are not cognizable under 28 U.S.C. § 2241.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, Petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner at USP Beaumont, where he is now incarcerated.

October 13, 2023

Dwane L. Tinsley
United States Magistrate Judge